### CREW *et al. v.* HUTCHESON, ordinary, for use, etc.

1. On all points not specifically dealt with in the opinion, the decision of a majority of this court when this case was here before (115 *Ga.* 511) is controlling ; and so far as the present case is concerned, that decision is not subject to review.
2. The evidence warranted the verdict, and the record discloses no error by the trial court requiring the grant of a new trial.

Argued November 19, — Decided December 9, 1903.

Action on bond. Before Judge Bartlett. Haralson superior court. August 1, 1903.

*W. R. Hutcheson* and *E. S. Griffith,* for plaintiffs in error.
*E. S. Ault* and *Price Edwards,* contra.

CANDLER, J. Hutcheson, as ordinary of Haralson county, brought suit for the use of Cora Della Crew against S. F. Crew as principal, and Mrs. M. J. Crew as security, on a bond executed under the provisions of the Penal Code, § 388, and delivered to the plaintiff's predecessor in office. The petition alleged, that on August 17, 1895, the plaintiff's usee was married to S. F. Crew, the latter having been previously indicted for the offense of seducing said Cora Della Crew; that previously to the issuing of the marriage license, in accordance with the code section above referred to, Crew gave the bond sued on, for the maintenance and support of Cora Della Crew and her unborn child by him begotten ; that Crew and Cora Della lived together as man and wife from the time of their marriage until August 1, 1897, "when the said Della was compelled to flee from the home of the mother of the said S. F. Crew, by reason of the inhuman and cruel treatment of the said Della by the said S. F. Crew. The said S. F. Crew refused to support and maintain the said Della as his wife, and compelled her to work and support herself at the home of his mother, the said M. J. Crew. He cursed and abused her, and procured his mother, the said M. J. Crew, to do the same." The petition concluded with an allegation that by reason of the facts set out the defendants were liable on the bond, and the usual prayer for process. No demurrer was filed to this petition. On the other hand, the defendants by their plea joined issue and went to trial on the question, among others, whether or not, during the period from the date of the marriage to the separation Cora Della Crew was compelled to work to support herself. On the first trial of the case the judge directed a verdict for the plaintiff for the full amount claimed, but on the hearing in this court the judgment of the court below was reversed (115 *Ga.* 511). On the hearing now under review the case was submitted to a jury, who returned a verdict for the plaintiff for $250 ; and the defendants again bring the case to this court on exceptions to the overruling of their motion for a new trial.

The decision reached by a majority of this court when this case

was here before is controlling as to the law of this case, and that decision is not now subject to review. The court below was absolutely bound by it; and in passing upon the correctness of the judgment overruling the motion for a new trial we are bound by it likewise. A careful consideration of the grounds of the motion for a new trial now under review discloses that the trial court practically followed the rulings of the majority of this court when the case was here before, and we do not find it necessary to discuss any but the general grounds of the motion, viz., that the verdict was contrary to law and the evidence. In the amendment to the motion for a new trial, the plaintiff in error complains of several rulings on the admission and rejection of evidence; but in these we find no error. We fail to see any good reason why evidence should have been admitted as to the occurrences at the time the marriage ceremony was performed. On the other hand, the evidence going to show a refusal to maintain and support subsequently to the marriage, as well as that tending to prove cruel treatment by Crew to his wife, was admissible to throw light upon the question whether or not the defendant Crew did maintain, support, and properly treat the plaintiff's usee as he had obligated himself to do. But, as before stated, in all the material rulings of the court below on this trial the decision of this court when the case was here before was substantially followed. The verdict was as follows: "We, the jury, find for the plaintiff $250.00; $67.07 for the time they lived together, and $182.93 from the time of separation until the filing of this suit." We think that possibly all of the verdict after the figures $250.00 might well be considered as surplusage; but the plaintiff in his petition distinctly alleged the failure of S. F. Crew to support and maintain his wife previously to the time of the separation, as well as his failure to support her from the time of the separation up to the time the suit was filed, and the record shows that evidence was introduced as to his failure to support her during both periods of time. It also appears that the court charged the jury as separate issues for them to determine, first, whether or not there had been a failure by Crew to support his wife during the time that she was living with his mother; and second, how much (without reference to any other question) was her support and maintenance worth from the time of the separation to the time the suit was filed. We

have therefore thought it best to treat the verdict as a whole, and to decide the question whether the finding of $67.07 for maintenance and support prior to the separation can be sustained under the peculiar facts of this case.     It will be noticed that no question was raised, either in the pleadings or in the motion for a new trial, as to whether there could be a recovery for failure to support during the time the parties were living together; and it is therefore unnecessary for us to decide whether, under the Penal Code, § 388, there may be such a recovery.     The sole question before us is, was there any evidence to authorize the separate finding of $67.07?     From the time of the separation to the date of the filing of suit one year, ten months, and twenty-six days elapsed. It was admitted that the defendant Crew did nothing for the support of his wife during that time, and the court accordingly instructed the jury to return a verdict for what they believed to be an amount reasonably sufficient for her support during that time. There was ample evidence to support their finding of $182.93 on this account.     From the date of the marriage to the date of the separation was one year, eleven months, and fourteen days ; so it will be seen that the value of the wife's support for that time was found to be only about $2.85 per month.     The wife testified that she lived at the house of her husband's mother, who controlled the house during the time they were living together, and that at no time during this period did her husband furnish anything for her support.     She said . " He didn't buy me anything to wear.     He never did bring anything home to me. . . He never did give me any money in his life after the marriage."     It appeared, however, that she was furnished a house to live in, and that she was fed, by Mrs. Crew, the mother of her husband.     She testified that she worked out during this time, picking cotton, and that she performed specified services for certain boarders living in the house of Mrs. Crew ; and she contended that she earned her board by doing housework for her husband's mother.     It is urged by counsel for the plaintiffs in error that inasmuch as S. F. Crew was entitled to the earnings of his wife while they were living together, and inasmuch as his mother, the security on the bond, furnished her a house to live in and fed her during this time, she was not entitled to anything for her support prior to the separation.     We can not agree with this view.     At the same time we can under-

stand on what theory the jury found that the support of the plaintiff's usee after the separation was worth approximately eight dollars per month, while that prior thereto was worth only about $2.85 per month. In the absence of any question being raised as to the right of the plaintiff to recover for support during the time the parties were living together, we think there was abundant evidence to support the verdict rendered. While the evidence is in many respects directly conflicting, the jury had the right to believe the witnesses for the plaintiff in preference to those for the defendants. This they seem to have done, and their finding, having been approved by the trial court, will not be disturbed.

<div align="center">

*Judgment affirmed. All the Justices concur.*